IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 CR 1115 |
| | ) | |
| **DIONNE GARCIA**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On August 19, 2013 this Court issued a memorandum order in this case that dismissed the 28 U.S.C. § 2255[1] motion by which defendant Dionne Garcia ("Garcia") sought to challenge the 200-month custodial sentence that she was (and still is) serving.[2] Now Garcia has written this Court the attached letter (Attachment 1) accompanied by the attached home-grown document (Attachment 2) captioned "Request for Permission to File a Successive §2255 Pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, No. 15-6418, S. Ct. April 18, 2016."[3] For the reasons stated hereafter, this memorandum order must (and does) deny Garcia's "Request" without prejudice.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] In accordance with this District Court's consistent practice in dealing with federal prisoners' motions invoking Section 2255, a civil case number (in this instance 13 C 5815) was assigned to Garcia's Section 2255 motion in this case. That method of handling allows Section 2255 proceedings to be recorded in a single separate docket, rather than having to be traced through the typical welter of entries in a criminal case docket largely devoted to proceedings in the underlying criminal case.

[3] It is not at all clear that the typewritten "Request" that Garcia has tendered (a document that looks as though it may have been the work product of a "jailhouse lawyer") applies to

(continued)

That is so because Section 2255(h) brings into play the provisions of Section 2244 that apply to any efforts to present a second or successive Section 2255 motion. In that respect Section 2244(b)(3) provides in relevant part:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district Court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

## **Conclusion**

Accordingly, as stated earlier, Garcia's current "Request" -- a motion for leave to file a second or successive Section 2255 motion -- is denied without prejudice. And as further stated in the text, this memorandum order expresses no view as to the merit or lack of merit in Garcia's current effort.

                                                  */s/ William D. Shadur*
                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: June 1, 2016

---

(footnote continued)
Garcia's situation. But because, as the ensuing text of this memorandum order explains, Garcia's effort must be brought before our Court of Appeals rather than this District Court, no view is expressed here as to the viability or lack of viability of her "Request" on the merits.

May 24, 2016

Your Honorable Judge Shader:

I am writing in regards to this here motion I am submitting to the courts. Unsure if it is applicable to me, I still felt the need to try. During this time of preparing this motion I had to dig for all my case documents and as sad as it is this is something I will live with for the rest of my life. As I say that to speak that it has been the most devestating event that has happened to me in my life. Reason being that I have children, and now grandchildren who have been affected by my absence. Still I have excepted this imprisonment as a learning experience not to come back. Although I have had my share of incidents I'm grateful because its through this walk that is molding me to be a better person when I am

released. I continue to see the much I have accomplished within these 16 yrs I've been incarcerated, and this is what I have to show for when it comes to reuniting with my children. I know that this letter will never make up for my actions that took place back in 2001, but I gaurantee that I'am not the person I was. Again unaware if this motion applies to me I'm still fending myself to prove to the courts that I do care to have a second chance, and making it possible to fend my way back to society. I thank you once again for taking time to read this letter, an hope for relief if entitled...

Sincerely,
Mione Garcia

IN THE UNITED STATES DISTRICT COURT
FOR THE _Northern_ DISTRICT OF _Illinois_
_Eastern_ DIVISION

_Dionne Garcia_,

    Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. _01 CR 1115-4_

REQUEST FOR PERMISSION TO FILE A SUCCESSIVE §2255 PURSUANT TO JOHNSON V. UNITED STATES, 135 S. CT. 2551 (2015) AND WELCH V. UNITED STATES, NO. 15-6418, S. CT. APRIL 18, 2016

COMES NOW, Defendant _Dionne Garcia_, pro se, to request permission to file a successive 28 U.S.C. §2255 motion for a reduction in sentence based on the decision by the Supreme Court on April 18, 2016 in **Welch v. United States (No. 15-6418)** holding that its **Johnson v. United States**, 135 S. Ct. 2551 (2015) decision is retroactively applicable on collateral review. This will allow defendants with an Armed Career Criminal ("ACCA") sentence, those classified as Career Offenders, and those with 924(c) firearm enhancements, to challenge their sentencing.

Defendant provides this Honorable Court with the following information and states:

1. That Defendant was sentenced in this case on or about _August 16, 2012_, as a result of her conviction relating to _Title 21 846 Conspiracy to posses with intent to Distribute and Distribute Phencyclone_; that Defendant was sentenced to a term of imprisonment of _200_ months, at a base offense level of _43_, with a criminal history category of _I_, followed by a term of Supervised Release of _5_ years; that Defendant is currently incarcerated and is serving her sentence at Waseca Federal Correctional Institution, P. O. Box 1731, Waseca, MN 56093.

1.

2. That Defendant's sentence was enhanced for - (Check those that apply)

_____ A "Crime of Violence" or "Violent Felony" pursuant to 18 U.S.C. 924(e) - Armed Career Criminal Act (ACCA)

_____ Under the United States Sentencing Guideline USSG §4B1.2 (Career Offender Guideline)

__✓__ Using or carrying a firearm during and in relation to a crime of violence (18 U.S.C. 924(c) *Because a dangerous weapon was possessed, a two-level increase was imposed.*

_____ Enhancement based on language in Residual Clause, now determined to be unconstitutional and vague:

_____
_____

WHEREFORE, the Defendant prays for this Honorable Court to grant her leave to file a successive §2255 pursuant to recent Supreme Court cases, <u>Johnson</u> and <u>Welch</u>, and for all other relief to which she may be entitled.

Respectfully submitted,

May 24, 2016
Date

Dionne Garcia
Name

14091-424          C
ID #              Unit #

Waseca Federal Correctional Institution
P. O. Box 1731
Waseca, MN 56093

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Government by mailing a copy of same, postage pre-paid to:

Judge Milton Shadur
219 S. Dearborn St
Chicago, Ill 60604

this 25 day of May, 2016.

S. Whitesitt 5-25-16

SARAH ANNE WHITESITT
Notary Public-Minnesota
My Commission Expires Jan 31, 2020

Dionne Garcia
Name

2.